

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

March 2, 1965

Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. C-394

Re: What are the terms of
office of the first elect-
ed seven trustees of an
independent school district
created pursuant to Article
2742j, and related questions.

Dear Dr. Edgar:

In order that the problem posed by your opinion request
be made as clear as possible, we quote the following from your
letter:

"On April 6, 1963 a common school district
pursuant to provisions of Article 2742j, V.C.S.,
voted to become an independent school district.
Thereafter, on April 24, 1963 the County School
Board created it an independent school district
(Del Valle) and appointed seven trustees to serve
as required by that law until the next regular
trustee election, April 4, 1964. Thus, the
terms of the seven appointed trustees normally
expired about April 4, 1964.

"The independent school district had and now
has more than 1,000 scholastics according to its
last scholastic census. Timely and prior to April
4, 1964, that appointed board of trustees by board
action voted to adopt and be governed by the pro-
visions in Article 2775a-1, as last amended. It
provides in part that where its provisions are
adopted all candidates for school trustee of such
districts shall thereafter be voted upon and elect-
ed separately for positions, the candidates to be
designated on the official ballots according to
the number of the position to which they seek elec-
tion.

-1855-

> "Neither Article 2742j nor 2775a-1 provide
> for or prescribes a procedure for a determination
> of the length of term for which the first elected
> seven trustees shall serve. We are advised that
> neither before the first election held in April
> 1964 nor thereafter has such a determination yet
> been made.

> "However, seven positions were printed on the
> first election ballot voted in April, 1964, each
> position was numbered one through seven consecu-
> tively, and seven candidates' names were printed
> on the ballot as running respectively for the num-
> bered position preceding his name. Furthermore,
> write-in candidates were written in by voters for
> each so-numbered trustee position. Seven trustees
> were thus elected and are currently serving as such."

At the outset we must observe that Article 2775a-1, Ver-
non's Civil Statutes, once properly adopted by an independent
school district, is binding upon the said district, since the
statute expressly provides that such adoption action may not be
rescinded by the board of trustees or their successors in office.

Article 2775a-1, Vernon's Civil Statutes, provides in part
as follows:

> ". . . At least sixty (60) days prior to
> the first election which is governed by this Act
> in each district now or hereafter coming within
> its provisions, the Board of Trustees shall num-
> ber the positions in the order in which the terms
> of office expire, the expiring terms which are to
> be filled at the first election to be numbered
> Position No. 1, Position No. 2, and so on, and the
> next succeeding terms expiring to take the next
> larger numbers, until all of the positions have
> been numbered. . . ."

The difficulty with the Del Valle Independent School Dis-
trict has arisen because of the fact that the Board of Trustees
which adopted Article 2775a-1 was an appointive board, all of
whose terms expired simultaneously on April 4, 1964. It was
thus impossible for the board to strictly comply with the re-
quirements of Article 2775a-1, quoted above, with regard to the
assignment of position numbers.

This office was informed that on June 8, 1964, the newly
elected Board of Trustees adopted a policy of "School Board

Organization," which set forth the following:

      "2. The term of office of the Trustees elected to Position No. 1 and Position No. 2 in this first election shall be for a period of one year, and the term of office of the Trustees elected to Position No. 3 and Position No. 4 in this first election shall be for a period of two years. The term of office of the Trustees elected to Position No. 5, Position No. 6, and Position No. 7 shall be for a period of three years. . . ."

There is no statutory basis for the adoption of such a policy and the terms of trustees are set by law and are not a subject for policy decisions by a board of trustees. More particularly, this office has been unable to discover any basis in law for the three-year terms given to the holders of Positions 5, 6 and 7. For these and other reasons expressed below, it is the opinion of this office that the terms of office for trustees adopted by the Del Valle Independent School District Board of Trustees in its statement of policy of June 8, 1964, are null and void, and such statement of policy can have no force or effect upon the terms of the trustees.

      Article 2775a-1, Vernon's Civil Statutes, does not in itself establish any terms for school trustees. Article 2777, Vernon's Civil Statutes, is the general enactment establishing terms for trustees of independent school districts. It reads as follows:

      "The seven candidates receiving the largest number of votes at the first election, and the three or four candidates receiving the largest number of votes at all subsequent elections, shall be entitled to serve as trustees hereunder. Those elected at the first election shall determine by lot the term for which they are to serve. The four members drawing numbers one, two, three and four shall serve for one year, and the three members drawing the numbers five, six and seven shall serve two years, or until the second of April thereafter, and until their successors are elected and qualified; and regularly thereafter on the first Saturday in April of each year, four trustees and three trustees, alternately, shall be elected for a term of two years, to succeed the trustees whose term shall at that time expire. The members of the board remaining after a vacancy

Dr. J. W. Edgar, page 4 (C-394)


shall fill the same for the unexpired term."
(Emphasis supplied).

To summarize the situation as it now exists in the Del Valle Independent School District:

(1) An appointive board properly elected to come within the provisions of Article 2775a-1, providing for election of trustees by position;

(2) In April, 1964, seven trustees were elected by posiyion number, although such positions had not been separated into original one and two year terms;

(3) In June, 1964, the Board of Trustees adopted a policy giving one, two and three year terms to various position numbers. This statement of policy was null and void, and cannot be construed as properly designating a term for any trustee;

(4) The statutorily-required election of April, 1965, is rapidly approaching, and no effective determination has been made as to which trustees must run for office, and which ones have another year to serve.

Article 2777 provides for those trustees elected at the first election to determine their position numbers by lot. Although the present trustees purport to have position numbers already, these numbers were arrived at in a manner inconsistent with statute and can have no legal effect. Since the board is now subject to the provisions of Article 2775a-1 and must elect by position number, and must also comply with Article 2777 as to terms of trustees, it is obvious that the present trustees should cast lots to determine their position number. The trustees drawing numbers one, two, three and four shall serve for only one year.

## SUMMARY

Under the particular facts involved in this opinion, the Board of Trustees of the Del Valle Independent School District, the first board elected, should cast lots for the determination of place numbers and terms of office, in accordance with Article 2777, Vernon's Civil Statutes.

Yours very truly,

WAGGONER CARR
Attorney General

By Malcolm L. Quick
Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Roy B. Johnson
Paul Phy
George Black

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone